HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANRIQUE BARTON<br><br>  Plaintiff,<br><br>  v.<br><br>CASCADE REGIONAL BLOOD SERVICES<br><br>  Defendant. | No. C06-5644RBL<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

    This matter is before the Court on Plaintiff Anrique Barton's Motion to Compel Defendant Cascade Regional Blood Services to respond to his request for production of documents and further responses to interrogatories. [Dkt. #10].

    This is a civil rights action for an alleged violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and Washington [State] Law Against Discrimination. Plaintiff claims his job-related discipline and eventual termination were a result of his race and sex. [Dkt. #15 at 2]. To establish this, Plaintiff must show that he was treated differently from other employees who acted in a comparatively similar manner. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973). Fed. R. Civ. Pro. ("Rule") 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claims or defense of any party. . . . [r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." To assist his search for evidence proving disparate treatment Plaintiff requests production of 1) all of Defendant's annual reports from 2001

ORDER - 1

to present, and 2) Defendant's income tax returns, or other documents showing gross profits and net income for 2001 to present. Second, Plaintiff seeks complete answers to its interrogatories in order to enable him to discover information about how he was treated differently than other employees.

Defendant's annual reports are discoverable.  The Court, however, declines to compel discovery of Defendant's federal income tax returns.  Tax returns are confidential communications between the taxpayer and the government, 26 U.S.C. §§ 6103, 7213(a), and though not privileged from discovery there is a recognized policy against unnecessary public disclosure. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).  The Court finds no compelling need which overcomes this recognized policy.

A party's failure to give direct and complete answers to interrogatories is treated as a failure to answer, Rule 37(a)(3), and, therefore, like a failure to produce specified documents, may be subject to a Rule 37(a)(2)(B) motion to compel.  Plaintiff alleges that Defendant's answers to his interrogatories are inadequate for failure to enunciate legitimate reasons for its objections.  Plaintiff does not seek discovery of privileged or confidential materials such as personnel files, rather he seeks contact information and other data rationally related to his claims and reasonably calculated to result in admissible evidence.  Despite Defendant's partial compliance[1] with Plaintiff's request for information,[2] Defendant seeks to temporarily withhold other information pertinent to the Plaintiff's claim.[3]  The Court agrees with the Plaintiff that the Defendant's attempt to keep contact and other basic employment information from the Plaintiff,

---

[1] Defendant provided Plaintiff with the names, employment position, and race/ethnicity of all persons employed at the same time as Plaintiff, as well as a list of all employees disciplined during Plaintiff's employment, Petrich Aff. ¶ 2 [Dkt. #12].

[2] Plaintiff requested "the name, address, telephone number, age, race, ethnic background, current employment status, date of hire, job title, and monthly salary" of all current and former employees who (1) worked for Defendant during Plaintiff's employment, and (2) were hired after Plaintiff's termination. [Dkt. # 10 at 2-3].

[3] Defendant expresses concern that Plaintiff will use the requested contact information to "harass and intimidate". Petrich Aff. ¶ 4; Zenik Decl at 2 [Dkt. #13].  Nonetheless, Defendant has "offered to coordinate interviews, through the employees' union representative[,] of employees identified by plaintiff." Petrich Aff. ¶ 5.

ORDER - 2

Interrogatories No. 4-5 [Dkt. #10 at 2-3], will cause Plaintiff undue burden and expense to gather the information Plaintiff currently requests in his interrogatories.  [Dkt. #15 at 3].

Liberal discovery rules best serve justice by enabling all parties to access the maximum amount of information on with which to prepare their cases.  *Taylor v. Illinois*, 484 U.S. 400, 412, n. 16 (1988).  The annual reports and employee information Plaintiff requested are not privileged, but are relevant to and may support his claims, and thus are discoverable.  Plaintiff's motion is **GRANTED** in part and Defendant is required to provide copies of annual reports from 2001 to the present and to fully answer interrogatories 4 and 5.  Plaintiff's motion to compel production of defendant's tax returns is **DENIED**.  The Court declines to impose sanctions.

IT IS SO ORDERED.

DATED this 6th day of August, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 3